United States District Court
Southern District of Texas
**ENTERED**
July 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ALIORBE HERNANDEZ GIMENEZ, | § | CIVIL ACTION NUMBER |
| | § | 4:26-cv-05333 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RAYMOND THOMPSON, | § | |
| Respondent. | § | |

## ORDER ON DISMISSAL

Petitioner Aliorbe Hernandez Gimenez filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 2, 2006. Dkt 1. He acknowledges illegal entry into the United States on a prior date. Id. at 3. He also recognizes the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026). Id at 4–6. But he nonetheless asserts that his present detention under 8 USC §1225(b) is unlawful as a violation of the Due Process Clause of the Fifth Amendment. Id at 4–9. He has also filed a motion seeking the appointment of counsel. Dkt 2.

The Government was ordered to state its position with respect to Petitioner's claims and the decision and later action by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Dkt 5.

Pending is a motion by the Government to dismiss or for summary judgment. Dkt 6. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 5– 6, 12–14. It also contends that Petitioner's arguments under due process fail on the merits. Id at 6–12. It further maintains that the motion for appointment of counsel should be denied. Id at 14.

As Petitioner recognizes, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026).

On July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647, *1 (5th Cir). This means the panel decision is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question consistent with interpretation later adopted in *Buenrostro-Mendez* and cited there with approval. See 166 F4th at 500 n 4.
- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month

period set out in *Zadvydas v Davis,* 533 US 678 (2001), as to post-removal-order detention.

- *Marcelo-Aguila v Noem,* 2026 WL 936337 (SD Tex): Holding that the decision by prior Administrations to decline to enforce §1225(b)(2)(A) does not estop or otherwise prevent the current Administration from enforcing the statute as written.

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above.

Petitioner hasn't established that his current detention violates either the Constitution or federal law.

*As to appointment of counsel,* non-citizens have no Sixth Amendment right to counsel at government expense in immigration proceedings. *Ogbemudia v Immigration & Naturalization Service*, 988 F2d 595, 598 (5th Cir 1993). Petitioners also have no Sixth Amendment right to counsel in *habeas corpus* proceedings. *See Pennsylvania v Finley*, 481 US 551, 555 (1987); *Cousin v Lensing*, 310 F3d 843, 848 (5th Cir 2002). But counsel may be appointed for a *habeas* petitioner if the interests of justice so require. See 18 USC §3006A(a)(2)

Petitioner's claims don't present any complexities that are unusual in *habeas* petitions relating to immigration detention. Nothing indicates that appointing counsel would aid in the efficient and equitable disposition of the case at this juncture. Under these circumstances, the interests of justice don't require that counsel be appointed. See *Schwander v Blackburn*, 750 F2d 494, 502–03 (5th Cir 1985) (summarizing considerations for interests of justice).

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Aliorbe Hernandez Gimenez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

The motion for appointment of counsel is DENIED. Dkt 2.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on July 27, 2026, at Houston, Texas.



Honorable Charles Eskridge
United States District Judge